THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN W. FAVELLI, Defendant-Appellant.

Second District No. 2—87—0130

Opinion filed November 18, 1988.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Thomas F. Baker, State's Attorney, of Woodstock (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

This is the second opinion filed in this case. The original opinion dismissed the case under *People v. Wilk* (June 20, 1988), Nos. 64738, 64739, 64742, 64744. Subsequent to the filing of that opinion, the supreme court modified its opinion in *People v. Wilk* (1988), 124 Ill. 2d 93. Pursuant to a petition for rehearing, we withdrew our original opinion and now address this case under *Wilk* as modified.

Defendant, John Favelli, pleaded guilty to two counts of unlawful delivery of a controlled substance to a person under 18 years of age (Ill. Rev. Stat. 1985, ch. 56½, par. 1407(a)). In exchange for defendant's guilty plea, the State nol-prossed two counts of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(c)), one count of unlawful possession of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b)), and one count of unlawful possession of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 704(d)). Defendant was sentenced to two concurrent terms of 10 years' imprisonment and appeals solely from the trial court's imposition of sentence.

On appeal defendant contends that the trial court (1) abused its discretion in sentencing when it twice factored in the difference in the ages of defendant and the buyer; and (2) erred in considering defendant's receipt of proceeds from the sale of drugs as an aggravating factor in sentencing.

The State has filed a motion to dismiss this appeal contending that defendant's failure to withdraw his guilty plea before appealing his sentence leaves this court without appellate jurisdiction. See *People v. Stacey* (1977), 68 Ill. 2d 261, 266-67.

Defendant filed a response to the State's motion contending that he did not comply with Rule 604(d) because the trial court failed to admonish him that a Rule 604(d) motion was necessary to perfect his appeal as required by Supreme Court Rule 605(b) (107 Ill. 2d R. 605(b)). We ordered both the State's motion and the defendant's response to be taken with the case, and both parties have addressed the issue concerning defendant's failure to comply with Rule 604(d) in their appellate briefs.

On January 15, 1987, after imposing defendant's sentence, the trial court gave defendant the following admonishments:

"I advise you, Mr. Favelli, that since the Judgment was entered pursuant to a plea of guilty, you have the right to appeal.

Prior to taking an appeal, the defendant must file with the Court within 30 days from the date which the sentence was imposed a written motion asking to have the Judgment vacated and for leave to withdraw your motion—leave to withdraw your plea of guilty setting forth specifically the grounds in the motion.

If the motion is allowed, the plea of guilty, sentence and the Judgment will be vacated; and a trial date will be set on the charges to which the plea is made.

Upon the request of the State, any charges that may have been dismissed as a part of this agreement could be reinstated and would also be set for trial.

If you are indigent, a copy of the transcript of these proceedings at the time of your plea of guilty and sentence will be provided for you without cost; and an attorney will be appointed to assist you in preparing the motion.

In any appeal taken on the Judgment of a plea of guilty, any issue or claim of error not raised in the motion to vacate the Judgment to withdraw the plea of guilty shall be deemed to be waived."

On February 2, 1987, defendant filed a motion to reconsider his sentence which the trial court denied on February 9, 1987. Upon the denial of his motion to reconsider his sentence, defendant filed a notice of appeal, a motion for appointment of the appellate defender, and a motion to prepare the record on appeal. The trial court and defense counsel then engaged in the following colloquy:

"THE COURT: Mr. Favelli has the right to proceed to appeal but if I recall right he pled guilty; did he not?

MR. MADSEN [defense counsel]: That's correct.

THE COURT: Has he filed a motion to vacate his plea of guilty?

MR. MADSEN: No, your honor. This would be an appeal from the sentencing.

THE COURT: All right.

MR. MADSEN: Paragraph 7 of the Notice of Appeal, your Honor, would indicate that he appeals only from the amount of the sentencing.

THE COURT: He is not seeking to withdraw his plea of

guilty.

MR. MADSEN: No, your Honor.

THE COURT: All right."

In his original brief, defendant claimed that the trial court not only failed to admonish him that a Rule 604(d) motion is required to obtain appellate review of a sentence, but it also affirmatively indicated that a Rule 604(d) motion would not be required under the instant circumstances. Defendant concluded that, due to his counsel's ineffective assistance and the trial court's failure to inform him that he must withdraw his guilty plea prior to appealing his sentence, either his cause should be remanded to the trial court for further proceedings or the merits of his sentencing issue should be addressed.

■ In *Wilk*, our supreme court reaffirmed that compliance with Rule 604(d) is a condition precedent to an appeal from a defendant's plea of guilty. The supreme court further recognized that although the failure to file a Rule 604(d) motion to perfect an appeal may amount to ineffective assistance of counsel, a defendant's remedy lies in the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122–1 *et seq.*). (124 Ill. 2d at 107.) We therefore found that defendant's claim of ineffective assistance of counsel could not excuse his failure to comply with Rule 604(d) before taking an appeal. Consequently, we dismissed defendant's appeal in our original opinion.

■ The supreme court distinguished cases where defendants did not challenge their guilty pleas but instead appealed the trial court's denial of their motions to reconsider their sentences. (124 Ill. 2d at 109-10.) The supreme court noted that when a motion to reconsider had been filed, the trial court had the opportunity to reconsider the appropriateness of the sentence imposed and to correct errors made, if any. (124 Ill. 2d at 109-10.) The court further stated that because defendants were not appealing their guilty pleas, it was not necessary for them to file a Rule 604(d) motion. 124 Ill. 2d at 109-10.

In the instant case, as in *Wilk*, defendant appeals only his sentence after having filed a motion to reconsider his sentence. Therefore, defendant was not required to file a motion to withdraw his guilty plea prior to filing a notice of appeal. Nevertheless, we consider the issues raised on appeal to be waived.

■ The effect of *Wilk* is to read an exception into Rule 604(d). The reason for that exception is that, where a defendant is contesting only his sentencing, there is no need for a motion to withdraw his guilty plea since that is not being contested. However, in *Wilk*, the trial court still had an opportunity to review the sentence after defendants had made motions to reconsider. The spirit of Rule 604(d),

to eliminate appeals where errors can be corrected at the trial level, was therefore preserved. To consider on appeal an issue related to sentencing not raised in either a motion to reconsider or a motion to withdraw a guilty plea would further modify Rule 604(d) in such a way as to obliterate its purpose. This we will not do absent a clear direction by our supreme court. Consequently, in light of *Wilk*, we read Rule 604(d) to require any defendant who has entered a guilty plea to file a motion to reconsider his sentence as a prerequisite to an appeal of the sentence. In accordance with this conclusion, we follow Rule 604(d) as it pertains to waiver.

Supreme Court Rule 604(d) provides in pertinent part:

> "Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." 107 Ill. 2d R. 604(d).

■ In the instant case, the issues which defendant raises on appeal were not raised in his motion to reconsider. Defendant's motion to reconsider referred only to a question of defendant's health, which he does not raise on appeal. The petition specifically alleged that subsequent to the sentencing, the defendant advised counsel that he was subject to epileptic seizures, that he was medicated to avoid seizures and had a seizure while confined in the McHenry County jail.

At the oral argument defense counsel argued the issue of defendant's health and concluded:

> "On that basis and on that basis alone, your Honor, I would ask that the Court reconsider the length of the sentence and perhaps reduce the same to whatever the Court deems appropriate."

No other issues were raised in writing or orally. In light of our interpretation of Rule 604(d) under *Wilk*, we consider defendant's contentions to be waived.

Finally, we consider defendant's contention that he was improperly admonished pursuant to Supreme Court Rule 605(b) (107 Ill. 2d R. 605(b)).

■ Where the trial court fails to properly admonish a defendant regarding his rights in compliance with Rule 605(b), the defendant should not be penalized for failing to follow the proper procedure to preserve those rights. *People v. Dorsey* (1984), 129 Ill. App. 3d 52, 55; see also *People v. Miller* (1982), 107 Ill. App. 3d 1078, 1082.

Rule 605(b) states:

> "In all cases in which a judgment is entered upon a plea of guilty, *at the time of imposing sentence*, the trial court shall advise the defendant substantially as follows:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." (Emphasis added.) 107 Ill. 2d R. 605(b).

■ The record indicates that the trial court's admonishments to defendant were not confusing, complied with the requisites of Rule 605(b), and fully apprised defendant of his rights. Defendant argues that he should have been admonished a second time when his motion to reconsider sentence was denied. Defendant has failed to cite any authority supporting his position, and our independent research has not discovered any authority which requires that the trial court readmonish a defendant under these circumstances. Rule 605(b) only requires that defendant be admonished of his rights at the time when his sentence is imposed. We conclude that the trial court properly admonished defendant pursuant to Rule 605(b).

Accordingly, for the reasons expressed above, we affirm.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.