THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DANIEL HOUCK, Defendant-Appellant.

Fourth District   No. 4—88—0640

Opinion filed July 10, 1989.

Asher O. Geisler, of Geisler, Waks & Geisler, of Decatur, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and J.A.C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Daniel Houck pleaded guilty to criminal sexual assault in the circuit court of Macon County and was sentenced to the Department of Corrections for four years and six months. On appeal, the defendant alleges an error by the trial court in denying him probation after he testified he is willing to undergo a court-approved counseling program. We affirm.

On July 18, 1988, the defendant was charged with the criminal sexual assault of his minor stepdaughter in violation of section 12–13(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 12–13(a)(3)). At the time of the crime the defendant was age 49, while the victim, L.M.T., was age 14. As part of a plea agreement, the defendant pleaded guilty to the charge. The case was referred to the probation department for a presentence investigation. At the sen-

tencing hearing, the trial judge considered the presentence report along with the defendant's testimony.

The defendant testified he was willing to undergo a court-approved counseling program for a minimum of two years. He had already started professional counseling, and planned to continue. The defendant also testified he was willing to follow any orders of protection the court would impose.

The State presented evidence of the defendant's lack of mental illness and described the court-approved counseling program, stating, "counseling is the bedrock of this type of probation." The State recommended the defendant to be sentenced to the Illinois Department of Corrections for five years since there was no need for counseling.

The trial court agreed with the State, but sentenced the defendant to four years and six months in the Department of Corrections. The judge stated probation can be denied when "imprisonment is necessary for the protection of the public, and probation would deprecate the seriousness of the offense and be inconsistent with the ends of justice." Here the court found the denial of probation necessary, stating, "Willingness [to undergo the court-approved counseling program] alone is not sufficient."

The defendant appeals pursuant to Supreme Court Rule 605(b) (107 Ill. 2d R. 605(b)), asking this court to remand the cause and place the defendant on probation. The defendant claims the trial court erred by not following sections 5—5—3(e)(i) and (e)(ii) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—5—3(e)(i), (e)(ii)), which state:

> "In cases where prosecution for criminal sexual assault or aggravated criminal sexual abuse under Section 12—13 *** of this Code results in conviction of a defendant who was a family member of the victim at the time of the commission of the offense, the court shall consider the safety and welfare of the victim and may impose a sentence of probation only where the court finds (i) or (ii) or both are appropriate:
>
> (i) the defendant is willing to undergo a court approved counseling program for a minimum duration of 2 years; or
>
> (ii) the defendant is willing to participate in a court approved plan including but not limited to the defendant's:
>
> (1) removal from the household;
>
> (2) restricted contact with the victim;
>
> (3) continued financial support of the family;
>
> (4) restitution for harm done to the victim; and

(5) such other measures that the court may deem appropriate."

■■ The defendant appeals only his sentence, claiming the requirements of section 5—5—3(e) of the Code were not met. He does not appeal the conviction, and did not move to withdraw the guilty plea. The Illinois Supreme Court held in *People v. Wilk* (1988), 124 Ill. 2d 93, 110, 529 N.E.2d 218, 224, it is not necessary to file a Rule 604(d) (107 Ill. 2d R. 604(d)) motion to withdraw a guilty plea, if the defendant is not appealing the conviction. The propriety of the sentence is the sole issue on appeal.

■■ ■ "A sentence imposed within statutory limitation will not be overturned on appeal absent an abuse of discretion." *(People v. Cozad* (1987), 158 Ill. App. 3d 664, 673, 511 N.E.2d 211, 218, *cert. denied* (1988), 485 U.S. 964, 99 L. Ed. 2d 432, 108 S. Ct. 1233; *People v. Cox* (1980), 82 Ill. 2d 268, 279-80, 412 N.E.2d 541, 547.) Criminal sexual assault is a Class 1 felony with a sentencing range between 4 and 15 years. (Ill. Rev. Stat. 1987, ch. 38, pars. 12—13, 1005—8—1(a)(4).) The defendant's four-year, six-month sentence was clearly within statutory guidelines.

■ *People v. Schillaci* (1988), 171 Ill. App. 3d 510, 525, 526 N.E.2d 871, 880, held "[t]he sentence imposed by a trial court will not be altered on review absent substantial error or abuse of discretion." In *Schillaci*, the court upheld a denial of probation and a four-year prison sentence for a different Class 1 felony. The appellate court held the trial judge properly exercised his discretion when he ruled:

" '[P]robation would deprecate the seriousness of the conduct involved and be inconsistent with the ends of justice ***.

*** However, I believe that a term of four years is more appropriate ***.' " *(Schillaci*, 171 Ill. App. 3d at 525, 526 N.E.2d at 881.)

(See also Ill. Rev. Stat. 1987, ch. 38, pars. 1005—6—1(1), (2).) Just as in the case before us, the State recommended a higher sentence than the sentence imposed. There was no abuse of discretion here in sentencing the defendant to the Department of Corrections for four years and six months.

Even the "existence of mitigating factors does not automatically obligate the court to reduce the sentence from the maximum." *(People v. Powell* (1987), 159 Ill. App. 3d 1005, 1011, 512 N.E.2d 1364, 1368.) The trial record indicates the trial judge considered mitigating factors such as the defendant not having an extensive criminal history. The record also shows a willingness of the defendant to compensate the victim, another factor in mitigation. (Ill. Rev. Stat. 1987, ch. 38, par.

1005—5—3.1(a)(6).) *People v. Baker* (1983), 114 Ill. App. 3d 803, 811, 448 N.E.2d 631, 637, held, "where mitigation evidence is before the court, it is presumed that the sentencing judge considered the evidence."

*People v. Lipa* (1982), 109 Ill. App. 3d 610, 614, 440 N.E.2d 1062, 1065, held:

> "The trial court is in a better position than is a reviewing court to determine the appropriate sentence. The trial court has the opportunity to consider many factors such as demeanor and character, while the reviewing court has only the record of the proceedings on which to base its decision. In this case, the record discloses that the trial judge gave careful thought to many factors and, in his words, sought to 'make the punishment fit the crime and the individual,' within the statutory guidelines."

The trial court properly considered mitigating factors and fashioned the defendant's sentence accordingly.

■ Here, as in *Lipa*, the trial judge gave "careful thought to many factors and, in his words, sought to 'make the punishment fit the crime and the individual' within the statutory guidelines." (*Lipa*, 109 Ill. App. 3d at 614, 440 N.E.2d at 1065.) The trial court considered mitigating factors and the need for counseling. Since the defendant did not suffer from a mental illness, the court found no need for counseling. As counseling is the "bedrock" of this type of probation, the court concluded probation was not appropriate. The trial judge stated, "willingness was not enough." Defense counsel objected and claimed willingness *mandated* probation under sections 5—5—3(e)(i) and (e)(ii).

The defense is in error. The statute states: "[T]he court *** *may* impose a sentence of probation *only* where the court finds (i) or (ii) or both are appropriate." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3(e).) The statute does not require probation. The trial judge has the discretion to make such decisions.

Contrary to the defendant's argument, section 5—6—1 prohibits a sentence of probation when the court has the opinion either of the two requirements of the statute are met. (Ill. Rev. Stat. 1987, ch. 38, par. 1005, ch. 38, par. 1005—6—1.) The record shows both requirements were met when the court said imprisonment was "necessary for the protection of the public" and probation would "deprecate the seriousness of the crime and would be inconsistent with the ends of justice."

The trial judge properly followed statutory guidelines in denying

the defendant probation. Section 5—5—3(e) did not mandate probation. There was no abuse of discretion.

We affirm the sentence imposed by the trial court.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.