THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ELIZABETH M. KENNEDY, Defendant-Appellant.

Second District   No. 2—88—0935

Opinion filed September 12, 1989.—Modified on denial of rehearing
September 26, 1989.

2

McLAREN, J., dissenting.

Michael T. Norris, of Law Offices of Michael T. Norris, of Rolling Meadows, for appellant.

Roger T. Russell, State's Attorney, of Belvidere (William T. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:
Defendant, Elizabeth M. Kennedy, pleaded guilty in the circuit court of Boone County to the felony offense of driving while her driver's license was revoked, having previously been convicted of this same offense (Ill. Rev. Stat. 1987, ch. 95½, pars. 6—303(a), (d)), and was sentenced to a 2½-year term of probation with the condition, among others, that she serve 18 months' of periodic imprisonment without eligibility for credit for the time served on periodic imprisonment.

On appeal, defendant raises two sentencing issues: (1) whether the

18-month periodic imprisonment condition was excessive, and (2) whether the circuit court improperly denied her good-time credit on the periodic-imprisonment portion of the sentence.

Subsequent to her plea of guilty, a sentencing hearing was held during which several witnesses testified and a presentence report was submitted to the court. The presentence report states that defendant was the driver of an automobile involved in an accident where two persons in the other automobile were injured. Defendant appeared to have been drinking alcohol, open beer cans were recovered from her vehicle, and she had a .20 blood-alcohol test reading. Her driver's license had been revoked for a previous driving while under the influence of alcohol (DUI) conviction. She has a prior history of numerous convictions of various traffic offenses, including DUI convictions, and for driving while her license was revoked and suspended. Several witnesses, including family members, testified in defendant's behalf. Essentially, their testimony was that defendant was an alcoholic, that subsequent to the accident here defendant had undergone extensive inpatient and outpatient treatment for her alcohol problem, and that she was successfully recovering from her alcohol addiction.

■■ ■ Before addressing the merits of defendant's arguments on appeal, we note that defendant did not file a motion to reconsider her sentence. We must determine, in light of *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, and our previous decision in *People v. Favelli* (1988), 176 Ill. App. 3d 618, 531 N.E.2d 386, whether the failure to file a motion to reconsider the sentence either deprives this court of jurisdiction or waives the sentencing issues for review.

In *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, our supreme court distinguished between cases where defendants who had pleaded guilty sought to challenge their guilty pleas on appeal but had not filed a motion to withdraw their pleas in the trial court from cases where defendants had pleaded guilty and did not challenge their guilty pleas but only appealed the trial court's denial of their motion to reconsider their sentences. In the former cases, the court held that the filing of a motion to withdraw the plea in the trial court in conformance with Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)) was a condition precedent to an appeal requiring dismissal of the appeal in the absence of such a motion. (*Wilk*, 124 Ill. 2d at 107, 529 N.E.2d at 222; see also *People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46.) Rule 604(d) is, therefore, jurisdictional. (*People v. Partee* (1988), 125 Ill. 2d 24, 33, 530 N.E.2d 460.) On the other hand, defendants only appealing the trial court's denial of their motion to reconsider their sentences are not required to file a motion to withdraw their guilty pleas

under Rule 604(d). (*Wilk*, 124 Ill. 2d at 110, 529 N.E.2d at 224.) The court further disavowed the prior holding in *People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254, as inconsistent with its opinion, wherein the filing of a Rule 604(d) motion was held to be a condition precedent to an appeal of a sentence only. *Wilk*, 124 Ill. 2d at 110, 529 N.E.2d at 224.

Thus, where, as here, defendants only appeal the sentence imposed, the jurisdictional step of filing a Rule 604(d) motion is not required. "No step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional" (107 Ill. 2d R. 606(a)), except where the rules specifically so provide, as in the case of an appeal of a guilty plea under Rule 604(d). (*Partee*, 125 Ill. 2d at 33, 530 N.E.2d at 464.) As no appeals rule of our supreme court specifically requires any step other than the filing of a notice of appeal to perfect an appeal raising a sentencing issue after a plea of guilty, the failure to file a motion to reconsider the sentence is not a jurisdictional step.

■ We next consider, however, whether a motion to reconsider the sentence following a guilty plea and sentence, although not jurisdictional, is necessary to preserve the issue for review such that the failure to do so constitutes a waiver of the issue. No supreme court rule requires such a motion. Neither Rule 604(d) nor Rule 605(b) mentions a motion to reconsider the sentence, and the clear purpose of Rule 604(d) is to ascertain contentions of error in the entry of the plea of guilty which could be readily corrected in the trial court, if called to the attention of the trial court, and to make a record of such allegations of error. (*Wilk*, 124 Ill. 2d at 104, 529 N.E.2d at 222.) Nor is there a statutory requirement that a motion to reconsider the sentence be filed, as is the case in a trial where there has been a guilty finding or verdict and a post-trial motion is required to preserve trial errors. (See Ill. Rev. Stat. 1987, ch. 38, par. 116—1(b); *People v. Enoch* (1988), 122 Ill. 2d 176, 185-89, 522 N.E.2d 1124.) A motion to reduce a sentence of imprisonment is *permitted* by statute (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(c)), but is inapplicable to the situation here.

In *Wilk*, the defendants who sought to have their sentences reviewed on appeal did file motions to reconsider the sentences in the trial court. (*Wilk*, 124 Ill. 2d at 110, 529 N.E.2d at 224.) Nevertheless, while the supreme court in *Wilk* distinguished that fact from the other cases before it where the guilty plea only was challenged, we do not read *Wilk* as establishing a rule of procedure requiring a motion to reconsider the sentence be filed in the trial court in cases where there has been a plea of guilty. The reviewing court will have the rec-

ord of the sentencing hearing before it, and there is no necessity for a motion to reconsider a sentence. Indeed, there is no requirement for a motion to reconsider the sentence imposed after a guilty finding, and we see no reason to differentiate between that situation and one where a sentence is imposed after a guilty plea, absent an express direction by rule, statute, or supreme court decision.

We recognize that certain claims of error on appeal concerning the sentencing hearing have been found to be waived if not objected to because they could have been corrected if brought to the attention of the trial court. (See, *e.g.*, *People v. Davis* (1982), 93 Ill. 2d 155, 442 N.E.2d 855 (failure to request a statement of the trial court's reasons for the sentence imposed); *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9 (failure to object to sufficiency of presentence report).) Nonetheless, where the sentence only is challenged as excessive, we find no case law or other authority to support the proposition that there is a waiver of that issue if there is no motion to reconsider the sentence. The trial court has heard any evidence and arguments by counsel or a defendant at the sentencing hearing, and the reviewing court has a record to review the appropriateness of the sentence. Accordingly, the sentencing issues raised on appeal in the instant case are not waived.

We recognize that our opinion is at odds with a portion of the holding of this court in *People v. Favelli* (1988), 176 Ill. App. 3d 618, 531 N.E.2d 386. In *Favelli*, the court erroneously concluded that Rule 604(d) required "any defendant who has entered a guilty plea to file a motion to reconsider his sentence as a prerequisite to an appeal of the sentence." (*Favelli*, 176 Ill. App. 3d at 623, 531 N.E.2d at 389.) As previously discussed, *Wilk* holds that defendants who are not appealing their guilty pleas need not file a Rule 604(d) motion. (*Wilk*, 124 Ill. 2d at 110, 529 N.E.2d at 224.) It is not necessary to file a Rule 604(d) motion to withdraw the guilty plea if the defendant is not appealing the guilty plea but is solely appealing the propriety of the sentence. *People v. Houck* (1989), 185 Ill. App. 3d 585, 541 N.E.2d 813.

■■ Turning to the merits of the sentencing issues raised on appeal, we first examine defendant's contention that the 18-month periodic imprisonment sentence is excessive because evidence in mitigation of sentence demonstrates that she has "made a substantial effort to reform herself and to correct the alcohol related condition which affected her behavior prior to her plea of guilty." From a careful review of the record we conclude that the circuit court thoughtfully reviewed both aggravating and mitigating factors and properly imposed a sentence within its discretion.

The court tailored the periodic-imprisonment portion of the sentence so that defendant could continue to work and also to receive the alcohol treatment and counseling that she needs while also punishing her for the offense. Although the court placed great weight on defendant's potential for rehabilitation, it is apparent from the record that the court was concerned with the seriousness of the offense and defendant's prior record, which includes numerous prior convictions of DUI, driving while her license was revoked, and driving while her license was suspended. Thus, we find no abuse of sentencing discretion. See *People v. O'Neal* (1988), 125 Ill. 2d 291, 297-98, 531 N.E.2d 366.

■ Defendant next contends that good-time credit on her periodic-imprisonment condition of probation is mandated by statute, citing the County Jail Good Behavior Allowance Act (Ill. Rev. Stat. 1987, ch. 75, par. 32), and requests we vacate that part of the sentencing order denying her such credit. However, the statute expressly states that "[t]he good behavior allowance provided for in this Section shall not apply to individuals sentenced for a felony to probation or conditional discharge where a condition of such probation or conditional discharge is that the individual serve a sentence of periodic imprisonment." (Ill. Rev. Stat. 1987, ch. 75, par. 32; see also Ill. Rev. Stat. 1987, ch. 38, par. 1005—7—1(d).) We find no merit in defendant's contention and admonish defendant to thoroughly read a statute before citing a fragment of it to this court.

For the reasons stated above, the judgment of the circuit court of Boone County is affirmed.

Affirmed.

NASH, J., concurs.

JUSTICE McLAREN, dissenting:
I respectfully dissent.

This is an appeal from a sentence imposed upon a plea of guilty wherein the claimed defect was an excessive sentence of periodic imprisonment. No post-trial motion of any kind was filed by the defendant. The majority cites *People v. Wilk* (1988), 124 Ill. 2d 93, as standing for the proposition that since defendant is not seeking to withdraw her plea of guilty she need not file a "Rule 604(d) motion." The majority has not seen fit to quote from that opinion. I shall.

The *Wilk* majority opinion consists of 12 pages. On the last page of the majority opinion, the court said: "Because defendants Brown and Erickson were not appealing their guilty pleas, it was not neces-

sary for them to file a Rule 604(d) motion." (*Wilk*, 124 Ill. 2d at 110.) That sentence is the only source from which this majority can reasonably conclude that we have jurisdiction to consider this appeal. It appears to me, and apparently also to the unanimous panel in *People v. Favelli* (1988), 176 Ill. App. 3d 618, that, when objecting to the sentence only, *Wilk* requires the filing of a motion to reconsider before the appellate court's jurisdiction is invoked. I base my conclusion upon an interpretation of the entire opinion of the *Wilk* case, especially pages 99, 109 and 110, and Supreme Court Rule 604(d), which reads in part:

> "*No appeal from a judgment entered upon a plea of guilty shall be taken* unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to *** vacate the judgment. The motion shall be in writing and shall state the grounds therefor." (Emphasis added.) (107 Ill. 2d R. 604(d).)

(*Wilk*, 124 Ill. 2d at 99, 109, 110.) Rule 604(d) requires the filing of a motion to vacate a judgment and/or a plea of guilty prior to appealing. "The final judgment in a criminal case is the sentence." (*People v. Partee* (1988), 125 Ill. 2d 24, 32.) Therefore, a literal reading of Rule 604(d) would require a motion to be filed when objecting to a sentence imposed upon a plea of guilty.

The court in *Wilk* stated:

> "Turning to the cases of Brown and Erickson, we note that the defendants did not challenge their guilty pleas, but instead appealed the trial court's denial of their motion to reconsider their sentences. We distinguish these cases from those of Wilk and Wright in that the defendants here made their motions to reconsider the sentence *prior* [emphasis in original] to filing the notice of appeal. The trial court had the opportunity to reconsider the appropriateness of the sentence imposed and to correct errors made, if any. *Consequently*, [emphasis added] the appellate court can exercise its proper function of reviewing the trial court's rulings on these motions. Because defendants Brown and Erickson were not appealing their guilty pleas, it was not necessary for them to file a Rule 604(d) motion. Accordingly, we reverse the appellate court's decisions as to Brown and Erickson and remand these two cases to the appellate court for review of the sentences imposed." (*Wilk*, 124 Ill. 2d at 109-10.)

The court states its rationale in these six sentences. However, the court had previously set forth the context wherein it held that it was

not necessary to file a Rule 604(d) motion as follows:

"Each defendant has raised the issue that the appellate court erred in dismissing his appeal. Although these defendants individually raise issues peculiar to the facts of their own cases, they all claim that their attorneys' failure to comply with Rule 604(d) amounts to ineffective assistance of counsel. They claim the appellate court should have granted their requests for remand to the trial court, to afford them the opportunity to comply with Rule 604(d), rather than dismiss their appeals." (*Wilk*, 124 Ill. 2d at 99-100.)

Such a request by the defendants was consistent with the ruling in *People v. Stacey* (1977), 68 Ill. 2d 261. *Stacey* required the defendant to move to withdraw his guilty plea even though he only sought reconsideration of the sentence. Justice Goldenhersh, dissenting in *Stacey*, concluded:

"A much more intelligent interpretation of the rule, and one more likely to achieve its purpose, would be to construe Rule 604(d) to permit the filing of a motion to vacate the sentence without requiring that the defendant seek leave to withdraw the plea of guilty." 68 Ill. 2d at 268 (Goldenhersh, J., dissenting).

The supreme court in its last sentence in *Wilk* declared: "To the extent that *Stacey* is inconsistent with this opinion, the holding in that case is disavowed." (*Wilk*, 124 Ill. 2d at 110.) The supreme court determined that the defendants, Brown and Erickson, had previously filed a motion to reconsider the sentence "prior" to filing a notice of appeal. Therefore, there was no need to remand the causes back to the trial court for the withdrawal of a plea of guilty when it was not sought originally, nor in the appeal. I believe the supreme court adopted Justice Goldenhersh's suggested interpretation contained in *Stacey*. Neither *Stacey* nor *Wilk* is inconsistent or contradictory as regards the necessity to file a motion to reconsider the sentence prior to appellate jurisdiction arising.

*People v. Houck* (1989), 185 Ill. App. 3d 585, 541 N.E.2d 813, cited by this majority, stands for the proposition that one need not move to withdraw a guilty plea if one is only contesting the sentence. It does not say that a motion to reconsider the defendant's sentence is not required prior to appeal. The opinion is silent as to whether a motion to reconsider or vacate the judgment was made at the trial court level. There is mention that Rule 605(b) was the basis of giving the appellate court jurisdiction. However, Rule 605(b)(6) provides in part that "any issue or claim of error not raised in the motion to va-

cate the judgment *** shall be deemed waived." (107 Ill. 2d. R. 605(b)(6).) Both Rules 604(d) and 605(b) require a motion to vacate the judgment if any issue or claim of error is to be considered by the appellate court. I believe the supreme court meant exactly that when it italicized the word "prior" in its opinion in *Wilk* with reference to reconsiderations of sentences. *Wilk* and *Houck* stand for the proposition that one must file a motion to vacate the judgment but need not move to withdraw the plea of guilty unless such relief was intentionally sought by the defendant.

Due to the confusion resulting under Rule 604(d) concerning appellate jurisdiction when a defendant seeks to contest only the sentence imposed as evidenced by the conflict between this majority's opinion and *Favelli*, it would be beneficial for the supreme court to clarify its holding in *Wilk* by either an opinion in an appropriate case or by an amendment to Rules 604(d), 605(b), or any other rule deemed appropriate by the supreme court.

In conclusion, I have determined that this court lacks jurisdiction to rule on the merits of the appeal and, accordingly, would dismiss this appeal.