THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RONNIE WAYNE CARROLL, Defendant-Appellant.

Second District No. 2—88—0804

Opinion filed March 21, 1990.

G. Joseph Weller and Beth Katz, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Ronnie Wayne Carroll, was charged by indictment with two counts of armed robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18—2), two counts of armed violence (Ill. Rev. Stat. 1987, ch. 38, par. 33A—1), and one count of attempted murder (Ill. Rev. Stat. 1987, ch. 38, par. 8—4(a)). Following a conference amongst all the parties held pursuant to Supreme Court Rule 402 (107 Ill. 2d R. 402), defendant

pleaded guilty to the two counts each of armed robbery and armed violence. The attempted murder charge was nol-prossed. The court, after considering both aggravating and mitigating factors, sentenced defendant to a term of 55 years in the Illinois Department of Corrections. Defendant's motion to vacate his plea of guilty and/or reconsider his sentence was denied. Defendant contends on appeal that the court improperly considered a factor in aggravation when it imposed its sentence.

We note that defendant's contention on appeal was not contained in his motion to vacate. There has been considerable controversy as of late as to whether such an omission would constitute waiver of the issue under Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)). Our supreme court in *People v. Wilk* (1988), 124 Ill. 2d 93, determined that where, as here, the defendant appeals only his sentence and not his guilty plea, it is not necessary to file a motion to withdraw his guilty plea pursuant to Rule 604(d). However, this court has been unable to interpret and apply *Wilk* on a consistent basis. In *People v. Favelli* (1988), 176 Ill. App. 3d 618, this court determined that a defendant seeking review only of his sentence must still file with the trial court a motion to reconsider his sentence and that any issue not raised in this motion would be waived for purposes of appeal. The *Favelli* court reasoned that, consistent with the spirit of Rule 604(d), the trial court must be given an opportunity to correct any errors before the cause is appealed. (*Favelli*, 176 Ill. App. 3d at 622-23.) Therefore, the defendant in *Favelli* was precluded from arguing on appeal an issue not raised in his motion to reconsider.

More recently, a divided panel of this court decided the case of *People v. Kennedy* (1989), 188 Ill. App. 3d 1. The majority in *Kennedy* determined that a defendant is not required to file a motion to reconsider the sentence in order to preserve a sentencing issue for review. The majority explicitly found that the portion of *Favelli* dealing with this issue was "erroneous." If we were to apply this reasoning to the case at bar, we would be required to find that defendant did not waive the issue. Logically, if no motion is required, a defendant could not be penalized for failing to include an issue in a motion that was filed.

We conclude that the court in *Favelli* more accurately interpreted and applied the supreme court's ruling in *Wilk*, and, consequently, we find that defendant waived his issue on appeal. Supreme Court Rule 604(d) states in part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant *** files in the trial court a

motion to *** vacate the judgment. *** Upon appeal any issue not raised by the defendant in the motion to *** vacate the judgment shall be deemed waived." (107 Ill. 2d R. 604(d).) In a criminal case, the sentence is the final judgment. (*People v. Partee* (1988), 125 Ill. 2d 24, 32.) "Therefore, a literal reading of Rule 604(d) would require a motion to be filed when objecting to a sentence imposed upon a plea of guilty." (*Kennedy*, 188 Ill. App. 3d at 7 (McLaren, J., dissenting).) We agree with *Favelli* that "[t]o consider on appeal an issue related to sentencing not raised in either a motion to reconsider or a motion to withdraw a guilty plea would further modify Rule 604(d) in such a way as to obliterate its purpose." (*Favelli*, 176 Ill. App. 3d at 623.) The *Favelli* rationale is also compatible with the general rule of appellate review that issues not objected to at trial *and raised in a post-trial motion* are waived. (See *People v. Enoch* (1988), 122 Ill. 2d 176, 186.) These rules have developed to allow the trial courts to correct any errors before a case is appealed to a higher court. The benefits and rationale for such practice are obvious. By following *Favelli*, we continue to reap the benefits of these rules.

We find that defendant waived his issue on appeal. The judgment of the circuit court of Lake County is, therefore, affirmed.

Affirmed.

UNVERZAGT, P.J., and DUNN, J., concur.