THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAY FERN, Defendant-Appellant.

Second District    No. 2—89—0833

Opinion filed July 26, 1990.—Rehearing denied August 15, 1990.

Feldman & Halprin, and Mitchell Caplan, both of Chicago, for appellant.

Thomas F. Baker, State's Attorney, of Woodstock (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Jay Fern, was indicted in the circuit court of McHenry County on two counts of unauthorized delivery of a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, pars. 1401(a)(2), (b)(2)). Defendant pleaded guilty to both counts, was sentenced to concurrent terms of imprisonment of 10 and 25 years, and was fined a total of $75,000.

Defendant raises the following sentencing issues on appeal: whether the trial court erred in imposing sentence by failing to consider defendant's rehabilitative potential and that the offense was induced by others; and whether, because the investigation leading to defendant's prosecution was conducted by Federal law enforcement officers, his sentence should have been imposed pursuant to Federal sentencing guidelines.

At the outset, we note that defendant filed neither a motion to

withdraw his guilty plea and vacate the judgment pursuant to Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)) nor a motion for reconsideration of his sentence. While the State has not raised the issue, we initially consider whether defendant's failure to file either motion waives consideration on appeal of any error in the imposition of sentence.

■ This question has been a subject of disagreement in this court. In *People v. Favelli* (1988), 176 Ill. App. 3d 618, 531 N.E.2d 386, this court recognized that pursuant to *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, a criminal defendant who has entered a guilty plea need not file a Rule 604(d) motion to withdraw his plea and vacate the judgment as a prerequisite to an appeal if he seeks only to challenge his sentence. (176 Ill. App. 3d at 622, 531 N.E.2d at 389.) Nonetheless, this court stated:

> "[W]e read Rule 604(d) to require any defendant who has entered a guilty plea to file a motion to reconsider his sentence as a prerequisite to an appeal of the sentence." 176 Ill. App. 3d at 623, 531 N.E.2d at 389.

See also *People v. Israel* (1989), 181 Ill. App. 3d 851, 859, 537 N.E.2d 1124.

Subsequently, in *People v. Kennedy* (1989), 188 Ill. App. 3d 1, 543 N.E.2d 617, a different panel of this court declined to follow *Favelli* and held that no motion to reconsider is necessary to preserve review of errors in sentencing under the supreme court rules. (188 Ill. App. 3d at 4-5, 543 N.E.2d at 619-20.) However, most recently, in *People v. Carroll* (1990), 195 Ill. App. 3d 445, 552 N.E.2d 361, another panel of this court concluded that *Favelli* more accurately interpreted and applied the supreme court's ruling in *Wilk* than did *Kennedy* and held, contrary to *Kennedy*, that failure to raise an issue pertaining to sentencing in a motion to reconsider the sentence waives review of the issue. 195 Ill. App. 3d at 446-47, 552 N.E.2d at 362.

■ Abstaining from any discussion of the merits of the conflicting positions espoused in *Kennedy* and in *Favelli* and *Carroll*, we will follow the most recent decision on the subject, *Carroll*, in this case and in future cases. Accordingly, as defendant failed to file a motion in the trial court for reconsideration of his sentence, any issue pertaining to his sentence is waived.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

INGLIS and McLAREN, JJ., concur.