THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY BRONSON, Defendant-Appellant.

Second District   No. 2—89—1017

Opinion filed July 23, 1991.

G. Joseph Weller and Sherry R. Engelstad, both of State Appellate Defender's Office, of Elgin, for appellant.

Val Gunnarsson, State's Attorney, of Mt. Carroll (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

On June 13, 1989, the defendant, Larry Bronson, pleaded guilty to three counts of armed violence predicated on aggravated battery (Ill. Rev. Stat. 1987, ch. 38, pars. 12—4(a), 33A—2). The trial court sentenced the defendant to concurrent terms of six years' imprisonment on each count and ordered him to pay restitution of $18,000 within five years to compensate the victims, Robert Bailey and Jack Shepard, for their medical expenses. The defendant's *pro se* motion to reduce his sentence and his counsel's motion to reconsider the sentence were denied on September 18, 1989. Neither motion raised the issue of the propriety of imposing restitution.

The defendant timely appeals, raising the issue whether the trial court could impose restitution as a part of the defendant's sentence where it is alleged that, in accepting the defendant's guilty plea, the trial court never properly admonished the defendant of the possibility of imposing restitution. The State argues that the defendant has waived this issue by failing to raise it in the trial court. We agree, and we affirm.

We recite only those facts relevant to a resolution of the issue presented. At the guilty plea hearing, with the exception of the possibility of being required to pay restitution, it appears that the defendant was admonished pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402). The trial court went over the three counts of armed violence and explained that the charges, as Class 2 felonies, carried a minimum penalty of three years' imprisonment and a maximum penalty of 14 years' imprisonment, including enhanced penalties, and that the defendant would then be subject to a mandatory supervised release term of two years. The court also explained that there could be a fine

of up to $10,000, periodic imprisonment of up to 18 months or from 18 months to 30 months, and probation for a period of up to four years. The possibility of imposing restitution was not mentioned. The court stated that the defendant would be giving up various rights by his plea of guilty, including the right to a jury trial or a bench trial; the right to call and subpoena witnesses; and the right to require the State to prove him guilty beyond a reasonable doubt. The defendant acknowledged that he understood the admonishments.

For the factual basis of the plea, the court read each charge of the information, and the defendant persisted in his plea of knowingly causing great bodily harm to each of three named victims while he was armed with a broken beer glass. The court accepted his blind plea.

At the sentencing hearing on August 1, 1989, Bailey testified regarding the barroom incident which resulted in the charges. Bailey received injuries to his hand and wrist which resulted in $7,000 to $8,000 in medical bills. Shepard also testified that, as a result of injuries to his right eye and left forearm, he was not able to work for three weeks, and he incurred $11,000 in medical expenses.

The State, noting the defendant's prior criminal history, sought the maximum sentence of 14 years' imprisonment and restitution of $18,000. Defense counsel noted the factors in mitigation, including the defendant's problems with alcohol and the impairment of his judgment on the date in question and the need for alcohol treatment. Defense counsel also stated to the court:

> "As far as disqualifying factors here, additional factors are damages. The Court has the option if it wants to do that. What I am arguing here is that if the Court imposes a substantial amount of jail time, we do have other measures here such as the monetary responsibility. If he doesn't meet that, we can be back here. That's certainly something the Court should consider."

The court noted that the defendant did not qualify for TASC (Treatment Alternatives to Street Crimes) and that the offenses were not probational. After considering the factors in aggravation and in mitigation, the court ordered that restitution in the amount of $18,000 be paid within five years, and the defendant was sentenced to concurrent, six-year terms of incarceration on the three counts. The defendant made no objection of any kind regarding the restitution ordered by the court.

In his *pro se* motion for a reduction of his sentence, the defendant complained principally of the length of the sentence under the circum-

stances and, among other things, noted his potential for rehabilitation and future employment and expressed his remorse for having harmed the victims. No mention was made of the restitution. At the hearing on September 18, 1989, in arguing his motion to reconsider the sentence, the defendant's counsel stressed the need for alcohol treatment and rehabilitation. The trial court denied both motions and noted that the previously ordered restitution should come from the defendant's bond. Again, no objection was made to the order of restitution.

■■ On appeal, the defendant contends that the trial court erred in ordering restitution when it had not admonished the defendant, prior to accepting his plea, that restitution was a possible incident to a sentence of imprisonment; therefore, the defendant asks that this part of the sentence be vacated. We do not reach the merits of the defendant's contention because he failed to raise it in the trial court. The defendant did not file a Rule 604(d) motion to vacate his guilty plea (134 Ill. 2d R. 604(d)). A defendant who pleads guilty is not required to file such a motion as a prerequisite to an appeal if he is only challenging the sentence, but he must file a motion to reconsider the sentence in the trial court. *People v. Wallace* (1991), 143 Ill. 2d 59, 61.

■■ ■ The purpose of a motion to reconsider a sentence is to allow the trial court an opportunity to review the appropriateness of the sentence imposed and to correct any errors made. (*Wallace*, 143 Ill. 2d at 61, citing *People v. Wilk* (1988), 124 Ill. 2d 93, 110.) Following this rationale, this court, in two recent cases, has held that any issue not raised in a motion to reconsider the sentence is waived on appeal. (*People v. Carroll* (1990), 195 Ill. App. 3d 445, 446-47; *People v. Favelli* (1988), 176 Ill. App. 3d 618, 622-23.) We adhere to the rule in this case. To consider on appeal an issue related to sentencing not raised in either a motion to reconsider or a motion to withdraw a guilty plea would further modify Rule 604(d) in such a way as to obliterate its purpose. (*Carroll*, 195 Ill. App. 3d at 447.) As the *Wilk* court pointed out, a defendant who is aggrieved by the failure of his counsel to preserve properly an issue for appeal may, in proper circumstances, have an alternate remedy by way of a post-conviction hearing. (See *Wilk*, 124 Ill. 2d 108-09; Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) Since the defendant did not contest the imposition of restitution in the trial court when he had at least two opportunities to do so, we consider any claimed error in sentencing waived on direct appeal. See *People v. Osborn* (1983), 111 Ill. App. 3d 1078, 1084.

In support of our conclusion that this issue is waived, we also observe that, at the sentencing hearing, defense counsel (as evidenced by his remarks quoted verbatim above) appeared to argue that the

trial court had the option of imposing restitution instead of the maximum sentence of imprisonment. The defendant, in fact, only received 6 years of a possible 14-year sentence. This would explain why neither the defendant nor his counsel ever objected to the substantial amount of restitution ordered. This apparent acquiescence of the defendant and his counsel should preclude the defendant from complaining of a sentence which is less than what he could have received. See *People v. Wilson* (1980), 87 Ill. App. 3d 544, 549.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

McLAREN and NICKELS, JJ., concur.