THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
VINCENT PHILLIPS, Defendant-Appellant.

Second District   No. 2—90—0260

Opinion filed October 3, 1991.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Vincent Phillips, was indicted on three counts of aggravated criminal sexual assault, one count of criminal sexual assault, and one count of aggravated kidnapping. (Ill. Rev. Stat. 1989, ch. 38, pars. 12—14(a)(2), (a)(3), (a)(4), 12—13(a)(1), 10—2(a)(3).) All charges stemmed from the abduction and sexual assault of a woman in Rockford by the defendant and his codefendant, Marlin Paige. After observing the woman at a gas station, the codefendants followed her and intentionally struck her vehicle with theirs. While the parties were exchanging necessary accident-related information, the codefendants forced the woman into their car and drove to a dark location near a school parking lot where the codefendants separately sexually

assaulted her once and then, jointly, once again. The codefendants then drove off, taking the woman's purse and all her clothes with them.

In exchange for dismissal of counts II through IV, the defendant entered a partial negotiated plea of guilty to count I (aggravated criminal sexual assault) which the court accepted. In a hearing on March 8, 1990, the court sentenced the defendant to 20 years in the Department of Corrections and properly admonished him concerning his right to appeal according to Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)). Without filing either a motion to withdraw his guilty plea (134 Ill. 2d R. 604(d)) or a motion for reconsideration of his sentence (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c)), the defendant filed his notice of appeal on March 12, 1990.

In this court, the defendant does not challenge the voluntariness of his plea, but, rather, seeks only to challenge his 20-year sentence, claiming (1) that it is unduly disparate from that of his codefendant, Marlin Paige, whose participation in the instant offense defendant contends was more culpable, and (2) that it is excessive under the circumstances and in light of his character, prior criminal history and potential for rehabilitation. Inasmuch as Marlin Paige's appeal is presently pending before this court (docket No. 2—90—0362), we may take judicial notice, as requested by the defendant, that Marlin Paige was convicted in a jury trial of aggravated criminal sexual assault and aggravated kidnapping and sentenced to a 20-year term in the Department of Corrections by the same judge who imposed the defendant's sentence here.

No doubt in anticipation of our consideration of the issue *sua sponte*, defendant first asks that we find he "retained" his right to appeal, notwithstanding his failure to file a motion to reconsider his sentence, because case law at the time of the filing of his notice of appeal—specifically, our opinion in *People v. Kennedy* (1989), 188 Ill. App. 3d 1—found that no motion to reconsider is necessary to preserve review of errors in sentencing under the supreme court rules. Defendant relies on *People v. Smith* (1990), 198 Ill. App. 3d 695, in support of his argument. The *Smith* court rejected the State's motion there to dismiss the defendant's appeal though he filed neither a motion to withdraw his plea nor a motion to reconsider his sentence. The defendant there relied on *People v. Kennedy* in his belief that he faced no jurisdictional prerequisite other than the filing of a direct appeal. The court allowed the defendant's appeal in light of the "inability of courts of review to apply *Wilk* [*People v. Wilk* (1988), 124 Ill. 2d 93] on a consistent basis," referring to our rejection in *People v. Carroll*

(1990), 195 Ill. App. 3d 445, of our earlier decision by a divided panel in *People v. Kennedy.*

The State argues the defendant's appeal should be dismissed since any confusion generated in the appellate districts following the supreme court's opinion in *People v. Wilk* has now been clarified in *People v. Wallace* (1991), 143 Ill. 2d 59. *Wallace* held that a defendant convicted on a plea of guilty who objects on appeal only to the sentence imposed must, as a prerequisite to appeal from that sentence, file a motion to reconsider the sentence. Defendant offers no reply to the State's argument. We agree the defendant's appeal should be dismissed.

■ It is the general rule in this State that a decision will be applied retroactively unless the court expressly declares that "its decision is a clear break with the past, such as when a court explicitly overrules its own past precedent, disapproves a practice that it has previously approved, or overturns a well-established body of lower court authority." (*People v. Perruquet* (1989), 181 Ill. App. 3d 660, 662.) A decision applied retroactively affects all whose cases remain pending at the time it was decided. *Perruquet*, 181 Ill. App. 3d at 662.

We find the general rule of retroactivity applies to *Wallace* since that decision merely clarified its earlier decision in *People v. Wilk*. (*People v. Ishmon* (1991), 213 Ill. App. 3d 653, 656.) In *Wilk*, the supreme court considered four cases which raised similar questions of law related to Supreme Court Rule 604(d). Each of those four defendants pleaded guilty, was sentenced, and filed a notice of appeal without moving to withdraw his guilty plea. Two of the defendants, however, filed timely motions to reconsider their sentences which were denied prior to the filing of their notices of appeal. Each of the appeals was dismissed at the appellate level.

In their appeal to the supreme court, the defendants individually raised claims peculiar to their own cases but all raised the issue (1) that the appellate court erred in dismissing their appeals, (2) their attorneys' failure to comply with Rule 604(d) amounted to the ineffective assistance of counsel and (3) their requests for remand to the trial court to afford them an opportunity to comply with Rule 604(d) should have been granted.

In the case of two of the defendants, the court determined that counsels' failure to comply with Rule 604(d) required dismissal of their appeals since that rule "establishes a condition precedent for an appeal from a defendant's plea of guilty" adhering, in that regard, to its holding in *People v. Stacey* (1977), 68 Ill. 2d 261, 267. (*Wilk*, 124 Ill.

2d at 105.) The court noted that the remedy for those defendants lay in the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) inasmuch as the sixth amendment right to the effective assistance of counsel may involve consideration of whether a defendant's counsel has adequately presented certain nonconstitutional issues. *Wilk,* 124 Ill. 2d at 107.

Turning to the cases of the two defendants who filed motions to reconsider their sentences, the *Wilk* court distinguished them on the basis they did not challenge their guilty pleas but, rather, only the denial of their motions to reconsider, and, therefore, it was not necessary for them to file a Rule 604(d) motion. (*Wilk,* 124 Ill. 2d at 110.) Because those defendants made their motions to reconsider the sentence *prior* to filing the notice of appeal, "[t]he trial court had the opportunity to reconsider the appropriateness of the sentence imposed and to correct errors made, if any." (*Wilk,* 124 Ill. 2d at 110.) Consequently, the court found the appellate court could exercise its proper function of reviewing the trial court's rulings on those motions, and it reversed and remanded the causes. In concluding its opinion, the court stated, "[t]o the extent that *Stacey* is inconsistent with this opinion, the holding in that case is disavowed." (*Wilk,* 124 Ill. 2d at 110.) In *Stacey,* the court had held that a defendant, sentenced on a plea of guilty, who wished to appeal only the sentence entered thereon, must nevertheless file a Rule 604(d) motion to withdraw his plea and vacate the judgment thereon before undertaking an appeal. (*People v. Stacey* (1977), 68 Ill. 2d 261, 267.) Thus, after *Wilk,* a defendant who was convicted on a plea of guilty who wished to appeal only the sentence imposed need not file a Rule 604(d) motion but only a motion to reconsider the sentence.

Acknowledging *Wilk,* we stated in *People v. Favelli* (1988), 176 Ill. App. 3d 618, 623, that, "we read Rule 604(d) to require any defendant who has entered a guilty plea to file a motion to reconsider his sentence as a prerequisite to an appeal of the sentence." (*Cf. People v. Israel* (1989), 181 Ill. App. 3d 851, 859 (court had jurisdiction of defendant's appeal of his sentence where defendant, who pleaded guilty, filed a motion to reconsider his sentence in the trial court and, therefore, was not required to file a motion to withdraw his guilty plea).) A different panel of this court subsequently declined to follow *Favelli,* with one justice dissenting, stating, "we do not read *Wilk* as establishing a rule of procedure requiring a motion to reconsider the sentence be filed in the trial court in cases where there has been a plea of guilty." *People v. Kennedy* (1989), 188 Ill. App. 3d 1, 4.

Yet another panel of this court later decided that the decision in *Favelli* more accurately interpreted and applied *Wilk* and held, contrary to *Kennedy*, that a defendant who pleaded guilty and who failed to raise an issue pertaining to sentencing in a motion to reconsider the sentence waived review of the issue. (*People v. Carroll* (1990), 195 Ill. App. 3d 445.) We agreed in *Carroll* with *Favelli* that appellate consideration of a sentencing issue which had not been raised in either a motion to reconsider or a motion to withdraw a guilty plea would modify Rule 604(d) in such a way as to obliterate its purpose. We also found in *Carroll* that the *Favelli* rationale was compatible with the basic appellate review rule that issues not objected to at trial and raised in a post-trial motion are waived. (*Carroll*, 195 Ill. App. 3d at 447, citing *People v. Enoch* (1988), 122 Ill. 2d 176, 186.) Our opinion in *Carroll* was filed March 21, 1990, which was nine days after the defendant here filed his notice of appeal.

During the pendency of the defendant's appeal, we filed our opinion in *People v. Fern* (1990), 199 Ill. App. 3d 983. Therein, we considered *sua sponte* whether the defendant's failure to file either a motion to withdraw his guilty plea or a motion to reconsider his sentence waived the sentencing issues he sought to raise on appeal. Noting that the question had been a subject of disagreement in our court, and with no discussion of the relative merits of *Kennedy vis-a-vis Favelli* and *Carroll*, we declared that, "we will follow the most recent decision on the subject, *Carroll*, in this case *and in future cases.*" (Emphasis added.) (*Fern*, 199 Ill. App. 3d at 984.) Accordingly, consistently with *Carroll*, we found the defendant's failure to raise the sentencing issues in either a motion to withdraw his guilty plea or a motion to reconsider his sentence waived any issue pertaining to sentencing, and we affirmed the judgment.

The supreme court's opinion in *Wallace* was filed March 28, 1991. The supreme court noted that its decision in *Wilk* effectively broadened Rule 604(d) in that *Wilk* determined that if a defendant convicted on a guilty plea is complaining only about his sentence on appeal, "it is sufficient" that he file a motion attacking only the sentence prior to appeal. Clarifying in what manner such a motion was "sufficient," the court in *Wallace* concluded that the filing of a motion to reconsider a sentence is a prerequisite to an appeal from that sentence. *Wallace*, 143 Ill. 2d at 60.

Recently, adhering strictly to *Wallace*, this court in *People v. Ishmon* (1991), 213 Ill. App. 3d 653, *sua sponte* dismissed the appeal of a defendant convicted on a plea of guilty who sought to appeal only his sentence but who filed no motion to reconsider same and whose

motion to withdraw his guilty plea did not raise the sentencing issue. We specifically noted there that dismissal, rather than just a waiver of sentencing issues, was the appropriate disposition under the authority of *Wallace. Ishmon*, 213 Ill. App. 3d at 656; see also *People v. Theis* (1991), 220 Ill. App. 3d 24.

In his brief, the defendant here acknowledged the pendency of *Wallace* in the supreme court, but argued that "in the meantime" we should allow his appeal because *Kennedy* was the court's most recent pronouncement at the time he filed his notice of appeal.

■ "Afterward" has arrived, however, with the supreme court's decision in *Wallace*. We must, therefore, reject defendant's reliance on *People v. Smith* (1990), 198 Ill. App. 3d 695, as authority for us to give him essentially "a pass" this time. To do so would further serve to abrogate Rule 604(d). (*Carroll*, 195 Ill. App. 3d at 447, citing *Favelli*, 176 Ill. App. 3d at 623; *People v. Bronson* (1991), 216 Ill. App. 3d 839, 576 N.E.2d 449.) Moreover, the defendant has not argued that he actually relied on *Kennedy* in not filing any motion, as opposed to simply omitting to do so, nor did he avail himself after our decision in *Carroll* of Supreme Court Rule 309, which would have allowed him to petition the trial court to dismiss his notice of appeal, thus revesting the trial court with jurisdiction. (*Theis*, 220 Ill. App. 3d at 27.) The defendant then could have moved for reconsideration of his sentence. Finally, defendant's lack of rebuttal to the State's argument for dismissal based on *Wallace* impliedly concedes *Wallace*'s applicability (see *Rome v. Commonwealth Edison Co.* (1980), 81 Ill. App. 3d 776, 779-80), and we find such applicability entirely consistent with the general principles of retroactive application noted above.

Accordingly, the defendant's appeal is dismissed.

Appeal dismissed.

REINHARD, P.J., and NICKELS, J., concur.