THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARK J. CISSNA, Defendant-Appellant.

Fourth District    No. 4—87—0576

Opinion filed June 2, 1988.—Rehearing denied June 30, 1988.

Daniel D. Yuhas and Richard D. Frazier, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas K. Leeper, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On March 21, 1986, in the circuit court of Adams County, defendant Mark Cissna pleaded guilty to the offense of unlawful use of weapons by a felon in violation of section 24—1.1(a) of the Illinois Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1(a)). He was placed on 30 months' probation for that offense on July 2, 1986.

On August 13, 1986, defendant was found guilty by a jury in the circuit court of Adams County of the offense of theft in excess of $300 in violation of section 16—1 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 16—1). On September 29, 1986, a sentencing hearing on the theft conviction and a hearing to revoke defendant's weapons probation based on said theft conviction was held. Defendant was placed on 30 months' probation for the theft conviction after the court warned defendant he qualified for an extended-term sentence on this conviction. The court continued the hearing on the petition to revoke the first probation for a 90-day period.

On October 29, 1986, a petition to revoke probation was filed in defendant's theft probation case. The petition alleged that defendant failed to abide by his curfew restrictions. On December 17, 1986, defendant admitted this violation. On January 21, 1987, the court resentenced defendant to 30 months' probation on the theft conviction with a condition of four months' periodic imprisonment. The State withdrew the previously filed petition to revoke on the weapons conviction.

On February 6, 1987, petitions to revoke probation were filed in each case alleging defendant violated section 4(a) of the Cannabis Control Act (Ill. Rev. Stat. 1985, ch. 56½, par. 704(a)) by possessing less than 2.5 grams of cannabis. On February 24, amended petitions to revoke probation were filed alleging additionally that defendant committed the offense of escape in violation of section 31—6(a) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 31—6(a)) by failing to return to the Adams county jail from work release.

On July 6, 1987, defendant admitted the above violations, and the court revoked the probations. On July 31, 1987, the court sentenced defendant to five years' imprisonment in the Illinois Department of Corrections on each conviction to be served concurrently. Defendant appeals from the sentence.

Defendant appeals alleging three errors. First, he asserts the court mistakenly believed defendant qualified for an extended-term sentence on his convictions and this mistake entitles him to a new sentencing hearing. Second, defendant argues the court improperly considered the revoking offenses when imposing sentence. Third, defendant asserts the court improperly considered victim-impact evidence. We affirm.

■■ ■ Defendant first argues the court mistakenly believed he was eligible for an extended-term sentence pursuant to section 5—5—3.2(b)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(1)). He acknowledges he did not receive an extended-term sentence, being sentenced to the maximum nonextended term on each offense, but maintains it is settled that, if the court is mistaken as to the possible maximum sentence which can be imposed, the defendant is entitled to be resentenced. *People v. Hargis* (1983), 118 Ill. App. 3d 1064, 1081, 456 N.E.2d 250, 259.

In regards to the unlawful use of weapons conviction, this argument is without merit. Defendant appears to have misapprehended the record. It is clear the court's focus in these proceedings was almost entirely on the theft conviction. Any discussion of a possible extended-term sentence by the court was addressed entirely to the theft conviction.

At the sentencing hearing, the court observed defendant qualified for an extended-term sentence on the theft conviction based on the prior weapons conviction and that defendant had previously been so advised. Defendant believes this is incorrect.

The section in question provides a person may receive an extended-term sentence:

"When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(1).)

Our supreme court in *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558, held that an extended-term sentence is not possible where the sentencing offense is a misdemeanor enhanced to a felony by the same prior conviction which would allow the extended-term sentence. Three of our sister courts have extended this analysis to preclude an extended-term sentence in any case where the sentencing offense is a misdemeanor enhanced to a felony regardless of what prior conviction is used to authorize it. (*People v. Nally* (1985), 134 Ill.

App. 3d 865, 873-75, 480 N.E.2d 1373, 1379-80; *People v. Grayson* (1983), 119 Ill. App. 3d 252, 261-63, 456 N.E.2d 664, 669-70; *People v. Spearman* (1982), 108 Ill. App. 3d 237, 238-40, 438 N.E.2d 1320, 1321-22.) Defendant asserts the logical expansion of this analysis is to hold that a defendant cannot receive an extended-term sentence where, regardless of the sentencing offense, the prior conviction which would authorize the imposition of the sentence is a misdemeanor enhanced to a felony and not a pure felony. We have not ruled on a situation such as is present in *Nally, Grayson,* and *Spearman,* and reserve that for a more appropriate case, but we do hold that defendant's asserted expansion in this case is not supported by *Hobbs.*

In *Hobbs,* the supreme court stated as follows:

"To again use that 1978 felony conviction to trigger the court's authority to impose an extended term pursuant to section 5—5—3.2(b) is, in our judgment, incompatible with that section's requirement that the charges must be 'separately brought and tried and arise out of different series of acts.' The logical interpretation of that language indicates an intent to severely punish a recidivist convicted of separate felonies within 10 years where the latest offense consisted of conduct which *itself* constituted a felony. Here, the 1979 conduct was a simple misdemeanor until the earlier conviction was added by allegation and proof, and these circumstances, in our judgment, are simply not those at which section 5—5—3.2(b) is aimed." *Hobbs,* 86 Ill. 2d at 246, 427 N.E.2d at 560.

In the case now before us, the theft conviction, without enhancement, constituted a felony. The prior felony triggering the extended-term option was not a part of the theft case and was separately brought, tried, and arose out of a different series of acts.

The extended-term provision is contained in that section setting forth factors in aggravation to be considered in sentencing. It allows an extended-term sentence when the prior felony is the same or greater class as the sentencing felony. We note the legislature, when addressing enhanced misdemeanors, did not indicate they could be penalized the same as a felony, but, in fact, defined them as a felony. (See Ill. Rev. Stat. 1985, ch. 38, pars. 16—1, 16A—10, 24—1.) The decision concerning what conduct is a felony and what conduct is a misdemeanor is a legislative one. Accordingly, it is clear the legislature intended that once a felony conviction is entered, whether that conviction started as a pure felony or an enhanced misdemeanor, it can be used to qualify a defendant for an extended-term sentence. This section's application is, under the facts of this case, consistent with the

possibility of additional punishment where previous criminal convictions exist. We conclude that the extended-term provision, although not used, could have been used.

■■ Defendant next contends the court improperly considered the revoking offenses in imposing sentence. In support of his position, he points to the following language by the court:

"Because of your prior criminal record, your obvious unwillingness to comply with the orders of probation previously, the Court finds that probation is not appropriate. Society must be protected from your conduct and you must, more importantly, be punished for your wilful violations of the law and orders of probation."

In *People v. Young* (1985), 138 Ill. App. 3d 130, 485 N.E.2d 443, this court considered this identical question. In that case, we observed the trial court is authorized by statute, when sentencing after a revocation of probation, to consider the defendant's conduct through the time of the sentencing hearing. We also noted that insofar as a sentencing hearing following revocation of probation is concerned, criminal activity which may have been the basis of the probation revocation amounts to prior criminal activity within the meaning of the statutory section which enumerates the aggravating factors to be considered. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a)(3).) We went on to say:

"An analysis which suggests that the trial court (1) cannot consider the conduct which resulted in the probation being revoked, or (2) cannot consider such conduct past a certain point in the sentencing hearing, or (3) that thereafter a sentencing judge must specifically state that he nevertheless is sentencing the defendant solely on the basis of the original offense—and has considered the conduct which was the basis for the revocation only to the extent of the defendant's rehabilitative potential—is not only without merit but reflects a head-in-the-sand attitude." (*Young*, 138 Ill. App. 3d at 140, 485 N.E.2d at 449.)

Later, we stated:

"In view of the standard of discretion to be accorded sentencing determinations (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882), such determinations as follow upon the revocation of probation ought not be more easily overturned than sentencing determinations generally. The remarks of the trial court at sentencing must be taken in context, and read in their entirety, including arguments of counsel. [Citations.] We conclude, and now state explicitly as the approach upon review of

such questions, that a sentence within the statutory range for the original offense will not be set aside on review *unless* the reviewing court is strongly persuaded that the sentence imposed after revocation of probation was *in fact* imposed as a penalty for the conduct which was the basis of revocation, and *not* for the original offense. * * *

In summary, the trial court can consider conduct of the defendant up to the time of sentencing, which includes the conduct which resulted in the revocation, as an element in determining an appropriate sentence." (Emphasis in original.) *Young*, 138 Ill. App. 3d at 142, 485 N.E.2d at 450.

In the present case, the record clearly establishes defendant was sentenced on the original sentences. A review of the court's entire comments makes it clear the alleged offensive statement is merely permissible comment on the elements which help determine the appropriate sentence.

■ Defendant's final contention is that the court improperly considered victim-impact evidence in rendering the sentence. In *Booth v. Maryland* (1987), 482 U.S. 496, 96 L. Ed. 2d 440, 107 S. Ct. 2529, the court held that the admission of a victim-impact statement into evidence before a jury at a capital sentencing hearing violated a defendant's eighth amendment right against cruel and unusual punishment. In *People v. Simms* (1988), 121 Ill. 2d 259, 520 N.E.2d 308, our supreme court extended this holding to capital sentencing hearings where the court determines the sentence. Defendant asserts the analysis of these cases should extend to the present case and he should be entitled to another sentencing hearing. We disagree.

First, the holdings in *Booth* and *Simms* turn on that unique relationship between capital offenses and the eighth amendment. There is no indication that their holdings are to be extended to noncapital offenses. In fact, the United States Supreme Court stated in *Booth*:

"While the full range of foreseeable consequences of a defendant's actions may be relevant in other criminal and civil contexts, we cannot agree that it is relevant in the unique circumstance of a capital sentencing hearing." (*Booth*, 482 U.S. at ___, 96 L. Ed. 2d at 449, 107 S. Ct. at 2533.)

Therefore, we find those cases inapplicable to the present case.

Further, we find no admission of victim-impact evidence occurred in this case. Again, defendant relies on a short portion of the court's comments in raising his argument. A full review of the court's discourse establishes that the comments about harm to the victims occurred during that portion of the judge's statement when he was lec-

turing defendant, and had nothing to do with the sentence imposed. This is in contrast with *Booth* and *Simms* where detailed evidence was presented at the sentencing hearing orally and in writing concerning the loss to the families. This evidence was highly emotional and was "simply too powerful for a human sentencer to ignore." (*Simms*, 121 Ill. 2d at 272, 520 N.E.2d at 314.) In this case, there was no such evidence introduced at the sentencing hearing.

For the above-mentioned reasons, the sentence imposed by the circuit court of Adams County is affirmed.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.