THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEFFREY WAYNE HARRISON, Defendant-Appellant.

Third District   No. 3—91—0219

Opinion filed March 4, 1992.

Dan W. Evers, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Raymond Kimbell III, State's Attorney, of Galesburg (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Jeffrey Wayne Harrison, pled guilty to first degree murder and home invasion (Ill. Rev. Stat. 1989, ch. 38, pars. 9—1(a), 12—11). The trial court sentenced him to natural life imprisonment for the murder conviction and 40 years' imprisonment for the home invasion conviction. On appeal, we vacated the defendant's sentences and remanded the cause for resentencing. (*People v. Harrison* (1990), 196 Ill. App. 3d 298, 553 N.E.2d 746.) The trial court then sentenced him to 60 years' imprisonment for the murder conviction and 40 years' imprisonment for the home invasion conviction. The defendant appeals.

We must first address whether we have jurisdiction over this appeal. The State notes that following his resentencing, the defendant filed a motion to withdraw his guilty plea. On the same day, he also filed a notice of appeal. As a result, the trial court never considered the motion to withdraw the guilty plea and it remains pending. The State argues that until the trial court rules on the motion to withdraw, no appeal can be taken to this court. Since remanding would give him two shots at challenging his sentence, the defendant agrees. We agree only in part.

■ Supreme Court Rule 604(d) states that before an appeal from a judgment entered on a guilty plea may be taken, the defendant, within 30 days of his sentencing, must file in the trial court a motion to withdraw his guilty plea and vacate the judgment. (134 Ill. 2d R. 604(d).) However, in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, the Illinois Supreme Court held that when the defendant is only complaining about his sentence, it is sufficient if prior to appeal he files a motion attacking only the sentence. *People v. Wallace* (1991), 143 Ill. 2d 59, 570 N.E.2d 334.

■ When a person convicted of a crime has taken an appeal from the judgment on a complete record, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the reviewing court, and all issues which could have been presented to the reviewing court, if not presented, are waived. (*People v. Adams* (1972), 52 Ill. 2d 224, 287 N.E.2d 695.) Further, where a reviewing court remands a cause, the court to which the cause is remanded has no jurisdiction to enter any orders other than those required in furtherance of, and in conformity with, the mandate. *People v. Dukett* (1975), 33 Ill. App. 3d 863, 338 N.E.2d 487.

●3 Here, the defendant's motion to withdraw his guilty plea attacked both his original guilty plea and his new sentence. We find that not only was it unnecessary for the defendant to seek to withdraw his guilty plea following resentencing, it was improper. When we remanded the cause for resentencing, the trial court was limited to that single

issue. Any issues regarding the validity of the defendant's guilty plea were *res judicata*. Accordingly, since the trial court only had jurisdiction to consider the defendant's sentence, the defendant could not raise any issues concerning his guilty plea and obviously was not required to file a motion to withdraw his guilty plea prior to appealing.

As noted, the defendant also attacked his new sentence in his motion to withdraw his guilty plea. We will therefore consider the motion to be in part a motion to reconsider sentence. That being the case, the notice of appeal was premature. Until the trial court considers the part of the motion which attacks the defendant's new sentence, the defendant cannot appeal. We therefore remand the cause for the limited purpose of allowing the trial court to consider the sentencing issues raised in the defendant's motion.

As a matter for the trial court to consider on remand, we would note that *People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569, held that a defendant may only be sentenced to an extended term of imprisonment for the most serious offense of which he was convicted. As such, the instant defendant may not receive an extended term for the home invasion conviction.

For the above reasons, this appeal from the judgment of the circuit court of Knox County is dismissed and the cause is remanded for the limited purpose of reconsidering the defendant's sentence.

Dismissed.

GORMAN and HAASE, JJ., concur.