NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220574-U

NO. 4-22-0574

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 26, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| DETRICK CULLUM, | ) | Appeal from the |
|     Petitioner-Appellant, | ) | Circuit Court of |
|     v. | ) | Fulton County |
| FELICIA ADKINS, Warden, | ) | No. 21MR129 |
|     Respondent-Appellee. | ) | |
| | ) | Honorable |
| | ) | Bruce C. Beal, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice DeArmond and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err by dismissing petitioner's *pro se* petition for *habeas corpus* relief.

¶ 2    In September 2021, petitioner, Detrick Cullum, an inmate in the Illinois Department of Corrections (DOC), filed a *pro se* petition for *habeas corpus* relief. He named as respondent, the warden of the DOC facility in which he was imprisoned. (Petitioner currently resides in Danville Correctional Center, a different DOC facility than where he was incarcerated when his petition was originally filed. We substitute Felicia Adkins, the warden of petitioner's current facility, as respondent in the case. See *Hennings v. Chandler*, 229 Ill. 2d 18, 23-24 n.2, 890 N.E.2d 920, 923 n.2 (2008) (stating that the proper responding party in a *habeas corpus* case is the petitioner's current custodian)). In June 2022, the trial court dismissed petitioner's *habeas corpus* petition on respondent's motion. Petitioner appeals that dismissal. We affirm.

¶ 3                           I. BACKGROUND

¶ 4         Following a March 2011bench trial, petitioner was found guilty of three counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2), (3), (4) (West 2008)); two counts of aggravated kidnaping (*id.* § 10-2(a)(3)); two counts of kidnapping (*id.* § 10-1(a)(1), (3)); one count of aggravated possession of a stolen motor vehicle (625 ILCS 5/4-103.2(a)(7)(A) (West 2008)); one count of possession of a stolen motor vehicle (*id.* § 4-103(a)(1)); one count of aggravated battery on a public way (720 ILCS 5/12-4(b)(8) (West 2008)); and one count of aggravated fleeing or attempting to elude a police officer (625 ILCS 5/11-204.1(a)(3) (West 2008)). The trial court sentenced petitioner to concurrent terms of imprisonment for each offense, imposing an aggregate term of 10 years in prison.

¶ 5         Petitioner filed a direct appeal, challenging the sufficiency of the evidence against him; arguing the trial court erred at sentencing by failing to merge various counts or comply with the one-act, one-crime rule; and asserting the court failed to conduct an adequate inquiry into his *pro se* posttrial claims of ineffective assistance of counsel. *People v. Cullum*, 2013 IL App (1st) 111776-U, ¶ 6. On review, the First District affirmed the lower court's findings of guilt but determined it erred when imposing petitioner's sentence. *Id.* ¶¶ 73-75. Specifically, it found (1) petitioner's convictions for kidnapping and possession of a stolen motor vehicle merged into his other offenses; (2) two of petitioner's convictions for aggravated criminal sexual assault and one of his convictions for aggravated kidnapping should be vacated under the one-act, one crime rule, and (3) petitioner's sentences were void because the trial court improperly failed to impose consecutive sentences (see 730 ILCS 5/5-8-4(d)(2) (West 2012) (requiring the trial court to impose consecutive sentences where the defendant is convicted of aggravated criminal sexual assault)). *Id.* The First District remanded the matter for a new sentencing hearing. *Id.* ¶ 75.

¶ 6    In April 2014, the trial court resentenced petitioner to 10 years in prison for aggravated criminal sexual assault, 6 years in prison for aggravated kidnapping, 5 years in prison for aggravated possession of a stolen motor vehicle, 3 years in prison for aggravated battery on a public way, and 2 years in prison for aggravated fleeing or attempting to elude a police officer. The trial court also ordered petitioner's 10-year sentence for aggravated criminal sexual assault to run consecutively to his 6-year sentence for aggravated kidnapping. It otherwise ordered petitioner's remaining sentences to run concurrently.

¶ 7    Petitioner appealed from his resentencing. He argued, in part, that his original concurrent sentences were not void and, thus, neither subject to increase nor appeal by the State. *People v. Cullum*, 2016 IL App (1st) 141546-U, ¶ 12. Relative to that claim, petitioner agreed that his original concurrent sentences were improper and that he should have received consecutive sentences. *Id.* ¶ 14. However, he asserted that his original sentence "should never have been addressed in" his prior appeal, relying on the Illinois Supreme Court's decision in *People v. Castleberry*, 2015 IL 116916, 43 N.E.3d 932. In that case, the supreme court abolished the void sentencing rule, under which a sentence that failed to conform to statutory requirements was deemed void. *Id.* ¶ 19. It also held that absent the void sentencing rule, the State's argument during the defendant's direct appeal that a statutory 15-year sentencing enhancement should be applied to his sentence, "was a *de facto* cross-appeal" and "impermissible." *Id.* ¶ 23.

¶ 8    The First District rejected petitioner's argument and affirmed the trial court's judgment. *Cullum*, 2016 IL App (1st) 141546-U, ¶ 36. First, it concluded that its judgment in petitioner's 2013 appeal was "the law of the case," where, following its decision, petitioner had not been granted rehearing or leave to appeal to the supreme court. *Id.* ¶¶ 16-18. It noted that one exception to the law of the case doctrine was "where the supreme court makes a contrary ruling

on the precise issue of law on which the appellate court had based its prior decision." *Id.* ¶ 17. However, it found that exception inapplicable "because *Castleberry* abolished the void sentence rule in the context of a sentence being *increased*," and petitioner's case "involved the imposition of the same sentences to run consecutively versus concurrently rather than a sentence increase." (Emphasis in original.) *Id.* ¶ 18. (Although the appellate court stated the trial court imposed the same sentences on remand and identified petitioner as having been originally sentenced to 6 years in prison for aggravated kidnapping (*id.* ¶ 2, 18), both the attachments to petitioner's *habeas corpus* petition in this case and the First District's 2013 decision reflect that the trial court originally sentenced petitioner to 10 years in prison in connection with all of his aggravated criminal sexual assault, aggravated kidnapping, and kidnapping counts (*Cullum*, 2013 IL App (1st) 111776-U, ¶ 5). Thus, petitioner's aggravated kidnapping sentence actually decreased from 10 years in prison to 6 years in prison upon resentencing.).

¶ 9            The First District also held that regardless of whether it applied the law-of-the-case doctrine, it would still find *Castleberry* distinguishable and that it did not require reinstatement of petitioner's "unauthorized previous sentences." *Id.* ¶ 19. In particular, it held: "Unlike *Castleberry*, the case at bar deals with a voidable sentence that was remanded to the trial court for resentencing and which, upon resentencing, was not increased." *Id.* ¶ 20. Following that decision, petitioner filed a petition for leave to appeal with the Illinois Supreme Court, which the supreme court denied. See *People v. Cullum*, No. 121410 (March 29, 2017).

¶ 10           In September 2021, petitioner filed the *pro se* petition for *habeas corpus* relief that is the subject of this appeal. He argued that in connection with his 2013 appeal, the First District "exceeded its jurisdiction" by addressing the State's *de facto* appeal "to correct a statutory non-conforming sentence." Petitioner also asserted that "by extension," the trial court lacked

- 4 -

jurisdiction to impose the consecutive sentences that "increase[ed] his 'punishment.' " He maintained that, as a result, there was also no "jurisdiction" for his confinement past the ending date of his original concurrent sentences, which he asserted was on February 8, 2020.

¶ 11 In January 2022, respondent filed a motion to dismiss petitioner's petition under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)), alleging he failed to state a claim for *habeas corpus* relief. In June 2022, the trial court issued a written order, granting respondent's motion and dismissing petitioner's petition. In setting forth its decision, the court found petitioner raised the "exact same argument" that had been addressed and rejected in his 2016 appeal from his resentencing and, thus, the claim could not be relitigated under the law-of-the-case doctrine. The court also found that the *habeas corpus* petition was insufficient on its face where both the circuit court and appellate court properly exercised jurisdiction in the underlying proceedings and petitioner failed to allege a postconviction event that warranted his immediate discharge from custody.

¶ 12 This appeal followed.

¶ 13 II. ANALYSIS

¶ 14 Petitioner appeals *pro se*, arguing the trial court erred by granting respondent's section 2-615 motion to dismiss his petition for *habeas corpus* relief. He contends that the appellate court in his 2013 appeal, and subsequently the trial court on remand, lacked subject matter jurisdiction to order the imposition of consecutive sentences. Petitioner also maintains that he sufficiently identified a postconviction event that warranted his immediate discharge from custody, specifically, his "void *ab initio*" resentencing hearing and "the expiration of his originally imposed sentence," which he asserts occurred on February 8, 2020. Further, petitioner contends that the court erred in finding that the law-of-the-case doctrine barred him from raising his

- 5 -

*habeas corpus* claim.

¶ 15       "A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face." *Beacham v. Walker*, 231 Ill. 2d 51, 57, 896 N.E.2d 327, 331 (2008). "In ruling on the motion, a court must determine whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff and taking all well-pleaded facts as true, are sufficient to state a cause of action upon which relief may be granted." *Rehfield v. Diocese of Joliet*, 2021 IL 125656, ¶ 20, 182 N.E.3d 123. A trial court should not dismiss a cause of action pursuant to section 2-615 "unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief." *Beacham*, 231 Ill. 2d at 58. The grant of a section 2-615 motion to dismiss is subject to *de novo* review. *Id.* at 57.

¶ 16       A petitioner may obtain *habeas corpus* relief only upon the grounds set forth in section 10-124 of the Code (735 ILCS 5/10-124 (West 2020)). *Beacham*, 231 Ill. 2d at 58. Ultimately, under that section, a prisoner is entitled to *habeas corpus* relief only when (1) he "has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or" (2) "where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release." *Id.* 58; see also *People v. Purnell*, 356 Ill. App. 3d 524, 528, 825 N.E.2d 1234, 1238 (2005) (stating the grounds for relief set forth in section 10-124 of the Code "fall into two general categories—either the trial court lacked jurisdiction or there has been some occurrence subsequent to the prisoner's conviction that entitles him to release"). "A complaint for order of *habeas corpus* may not be used to review proceedings that do not exhibit one of these defects, even though the alleged error involves a denial of constitutional rights." *Beacham*, 231 Ill. 2d at 58.

¶ 17       The denial of a *habeas corpus* petition is subject to *de novo* review. *Ragel v. Scott*,

2018 IL App (4th) 170322, ¶ 19, 99 N.E.3d 610. Further, "[w]e may affirm the trial court's ruling for any reason supported by the record regardless of the basis relied upon by the trial court." *Id.*

¶ 18    Here, the trial court correctly determined that petitioner failed to state a cause of action upon which *habeas corpus* relief could be granted. In particular, petitioner failed to sufficiently allege either that he was incarcerated under a judgment of a court that lacked jurisdiction or there was some occurrence subsequent to his conviction that entitled him to release.

¶ 19    Petitioner contends that both the appellate court in his 2013 appeal and the trial court on remand from that decision lacked subject matter jurisdiction to order the imposition of consecutive sentences. However, "[a] court's subject matter jurisdiction relates to 'the power of a court to hear and determine cases of the general class to which the proceeding in question belongs.' " *People v. Hughes*, 2012 IL 112817, ¶ 20, 983 N.E.2d 439 (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334, 770 N.E.2d 177, 184 (2002)). The appellate court has subject matter jurisdiction over final judgments entered by the circuit court. Ill. Const. 1970, art. VI, § 6 ("Appeals from final judgments of a Circuit Court are a matter of right to the Appellate Court in the Judicial District in which the Circuit Court is located."). "The final judgment in a criminal case is the sentence." (Internal quotation marks omitted.) *People v. Abdullah*, 2019 IL 123492, ¶ 19, 160 N.E.3d 833. Further, "[a] timely filed notice of appeal is the only jurisdictional step required to confer jurisdiction upon the appellate court." *Id.* ¶ 21; see also *People v. Coleman*, 2017 IL App (4th) 160770, ¶ 15, 90 N.E.3d 1043 ("Our subject-matter jurisdiction depends on the filing of a notice of appeal within the time prescribed by [Illinois Supreme Court] Rule 606(b).").

¶ 20    Additionally, a reviewing court's mandate "is the transmittal of the judgment of that court to the circuit court, and revests the circuit court with jurisdiction." *PSL Realty Co. v.*

*Granite Investment Co.*, 86 Ill. 2d 291, 304, 427 N.E.2d 563, 569 (1981). "[T]he trial court on remand is vested with jurisdiction only to take action that complies with the reviewing court's mandate." *People v. Hill*, 2021 IL App (1st) 131973-B, ¶ 20, 204 N.E. 3d 841; See also *People v. Harrison*, 225 Ill. App. 3d 1059, 1060, 589 N.E.2d 137, 138 (1992) ("[W]here a reviewing court remands a cause, the court to which the cause is remanded has no jurisdiction to enter any orders other than those required in furtherance of, and in conformity with, the mandate.").

¶ 21        In his *habeas corpus* petition, petitioner failed to allege facts that would support a finding that the appellate court in his 2013 appeal, and subsequently the trial court on remand, lacked subject matter jurisdiction. The record indicates petitioner's appeal was taken following a final judgment—the trial court's imposition of his original sentence—and petitioner alleges no defect in the notice of appeal. Also, on remand, the court had jurisdiction to act consistent with the appellate court's decision, which included resentencing petitioner and imposing consecutive sentences. See *Cullum*, 2013 IL App (1st) 111776-U, ¶ 75 (finding petitioner's concurrent sentences were imposed in violation of the Unified Code of Corrections and were void.)

¶ 22        In claiming a lack of jurisdiction for the imposition of his consecutive sentences, petitioner relies on case authority subsequent to his April 2014 resentencing and which concerns the abolition of the void sentencing rule. See *Castleberry*, 2015 IL 116916, ¶ 19 (abolishing the void sentencing rule as constitutionally unsound); see also *People v. Price*, 2016 IL 118613, ¶ 27, 76 N.E.3d 1240 (holding *Castleberry* applied prospectively and to all cases pending when the court's decision was announced, including the defendant's pending section 2-1401 petition for relief from judgment).

¶ 23        Generally, "[j]urisdiction over a cause depends on the state of facts at the time the action is brought." *In re Marriage of Allen*, 265 Ill. App. 3d 208, 211, 638 N.E.2d 340, 343 (1994).

At the time of petitioner's 2013 appeal and his resentencing in the trial court, Illinois Supreme Court case authority explicitly authorized the actions taken by the First District. See *People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995), abrogated by *Castleberry*, 2015 IL 116916 (holding that because the trial court's sentencing "order imposing concurrent [prison] terms was void, the appellate court had the authority to correct it at any time [citation], and the actions of the appellate court were not barred by [the Supreme Court Rules] which limit the State's right to appeal and which prohibit the appellate court from increasing a defendant's sentence on review").

¶ 24    Moreover, we agree with respondent's contention, raised below and on appeal, that petitioner's *habeas corpus* claim, which stems from *Castleberry's* abolition of the void sentencing rule, is barred from being relitigated by collateral estoppel. "The doctrine of collateral estoppel bars relitigation of an issue that was already decided in a prior case." *Hurlbert v. Charles*, 238 Ill. 2d 248, 255, 938 N.E.2d 507, 512 (2010). For collateral estoppel to apply, the following three requirements must be met:

> "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." (Internal quotation marks omitted.) *Id.*

¶ 25    In his *habeas corpus* petition, petitioner, relying on *Castleberry*, argued that the First District exceeded its authority in his 2013 appeal by addressing the State's *de facto* appeal "to correct a statutory non-conforming sentence." He sought release from prison based upon the alleged expiration of his original concurrent sentences. In his 2016 appeal from his resentencing, petitioner raised the same issue. He relied on *Castleberry* and argued that "his original sentences

were not void and thus not subject to increase by [the appellate court] or appealable by the State." *Cullum*, 2016 IL App (1st) 141546-U, ¶ 14. He asserted his "original sentence should never have been addressed in" his 2013 appeal and sought reinstatement of his original concurrent sentences. *Id.* The First District rejected petitioner's claim and affirmed his consecutive sentences. *Id.* ¶¶ 18-19. Further, the Illinois Supreme Court denied petitioner leave to appeal from that judgment. *People v. Cullum*, No. 121410 (March 29, 2017).

¶ 26    We note that, below, the trial court determined the law-of-case-doctrine barred the relitigation of petitioner's sentencing claim in the underlying *habeas corpus* proceeding. However, "[t]he law of the case doctrine bars relitigation of an issue previously decided in the same case." *People v. Peterson*, 2017 IL 120331, ¶ 25, 106 N.E.3d 944; see also *People ex rel. Madigan v. Illinois Commerce Comm'n*, 394 Ill. App. 3d 382, 391, 915 N.E.2d 453, 461 (2009) ("Unlike collateral estoppel, however, the law-of-the-case doctrine applies to issues already determined in the *same* case." (Emphasis in original.)). Because petitioner's action for *habeas corpus* relief is a different cause of action from his previous criminal case and its ensuing appeals, the law-of-the-case doctrine is inapplicable. However, as we may affirm the trial court's ruling on any basis supported by the record, we agree with respondent that collateral estoppel applies to the present case.

¶ 27    As stated, petitioner also argues on appeal that he sufficiently identified a postconviction event that warranted his immediate discharge from custody, namely, his "void *ab initio*" resentencing hearing and "the expiration of his originally imposed sentence." However, the trial court's judgment upon resentencing cannot be considered void. A judgment will be considered void in only two circumstances: "(1) when it is entered by a court that lacked personal or subject-matter jurisdiction or (2) when it is based on a statute that is facially unconstitutional

and void *ab initio.*" *People v. Stoecker*, 2020 IL 124807, ¶ 28, 181 N.E.3d 201. For the reasons already stated, both the appellate court in petitioner's 2013 appeal and the trial court on remand properly exercised jurisdiction. Further, there is no claim by petitioner that his resentencing judgment was based on a facially unconstitutional statute.

¶ 28　　　　To the extent petitioner, again, relies on case authority decided after his resentencing to show an event warranting discharge or that error occurred as a result of his resentencing, he cannot establish his entitlement to relief. "New case law is not a subsequent act, occurrence, or event that entitles a prisoner to be discharged within the meaning of section 10-124 of the Code." *Ragel*, 2018 IL App (4th) 170322, ¶ 18. Further, a *habeas corpus* petitioner's claim that his sentence was unconstitutional or imposed in error is "simply not cognizable under section 10-124." *Schlemm v. Cowan*, 323 Ill. App. 3d 318, 321, 752 N.E.2d 647, 649 (2001).

¶ 29　　　　Accordingly, under the circumstances presented, we find petitioner failed to state a claim for *habeas corpus* relief, and the trial court committed no error by granting respondent's motion to dismiss his petition.

¶ 30　　　　　　　　　　III. CONCLUSION

¶ 31　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 32　　　　Affirmed.